IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| FREDDIE L. ROBERSON, ) | Case No. 2:07-cv-02648-MMS |
| ) Plaintiff, ) | ORDER |
| v. ) | |
| ) JAMES TILTON, et al., ) | |
| ) Defendants. ) | |
| _____ ) | |
| ) | |

Plaintiff Freddie L. Roberson is a California state prisoner proceeding pro se. On December 10, 2007, Roberson filed a complaint pursuant to 42 U.S.C. § 1983 against defendants, alleging a civil rights violation. The defendants in this action are James E. Tilton, individually and in his official capacity as the Secretary Director of the California Department of Corrections; Tommy Felker, individually and in his official capacity as the Warden of High Desert State Prison; M. Dangler, individually and in his official capacity as a Correctional Counselor at High Desert State Prison; and R.A. Kirch, individually and in his official capacity as Correctional Lieutenant at High Desert State Prison.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is directed to dismiss a case at

any time if, *inter alia*, the court determines that the action fails to state a claim on which relief may be granted. Id. § 1915(e)(2)(B)(ii). The Court concludes that Roberson's complaint fails to state a claim on which relief may be granted and that the claims may not be saved by amendment. Therefore, Roberson's complaint is DISMISSED with prejudice, and his motion to proceed *in forma pauperis* is accordingly DENIED as moot.

## FACTS AND PROCEDURAL BACKGROUND

The following are the facts alleged in Roberson's complaint. On July 5, 2007, defendant Kirch ordered Roberson and several other inmates, including Roberson's cellmate "Kelly," removed from their prison housing facility and placed in administrative segregation. After they were released from administrative segregation, Roberson and Kelly were assigned to housing in different prison buildings.

On July 20, 2007, a Corrections Officer approached Roberson and two other cellmates to advise them that she was assigned to inventory and return the property that was in the inmates' cells before the inmates were placed in administrative segregation. Roberson alleges that the officer noted that the items were removed after the inmates were placed in administrative segregation and that she had no way of determining what piece of property belonged to which inmate. She further advised that there were no items that were considered to be illegal or contraband.

Upon return of Roberson's property, Roberson noticed that approximately $200 worth of his property was missing and that the channel-up button on his television remote control was pushed inside the television set. Roberson further noticed that several items of property were returned to him that belonged to Kelly. Roberson returned Kelly's items, but Kelly notified Roberson that he did not have any of Roberson's missing items.

Roberson was later notified by another inmate, "Outlaw," that while Roberson was in administrative segregation, Outlaw had "shut Roberson's cell door on several occasions" and that Outlaw informed the corrections officers that "there were several cells in the unit unsecured, filled with property, and its occupants no longer housed on the facility." Further, Outlaw told Roberson that he witnessed several inmates remove items from Roberson's cell.

Roberson alleges that the defendants violated the California Department of Corrections Operations Manual ("DOM"). Although Roberson did not attach a copy of the relevant portions of the DOM to his complaint, the court takes his allegations as true in order to decide whether he states a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Roberson first alleges that the defendants failed to follow DOM provisions that required defendants to secure Roberson's cell, to remove, inventory, or package Roberson's property within 24 hours, and to furnish Roberson with a copy of his property inventory slip. Roberson further alleges that DOM § 54030.3 states, "Institution staff shall attempt to resolve (property issues) informally or by the inmate grievance procedure," and that defendants failed to follow its provisions.

On August 1, 2007, Roberson completed a California Department of Corrections ("CDC") Form 602 ("Inmate/Parolee Appeal Form") regarding his lost property. Roberson received a notice on September 3, 2007, that his appeal was assigned for "informal level review." Roberson alleges that pursuant to Cal. Admin. Code tit. 15, § 3084.6(b)(1), providing that "[i]nformal level responses shall be completed within ten working days," a response to his appeal was due within ten working days, but no response was provided. Roberson sent several follow-up forms requesting the status of his appeal and a statement for the reasons for delay.

On September 16, 2007, Roberson submitted another CDC Form 602. This

time, the appeal related to the prison's "failure to respond to the appeal initially filed by Roberson (regarding his personal property) on August 1, 2007." This appeal was rejected for "appeal abuse," stating that Roberson "cannot appeal an appeal." Roberson was advised to "please submit a new appeal and state the problem."

On September 23, 2007, Roberson mailed Defendant Felker a letter stating the problems he was having with the appeals process. Several days later, Felker responded by letter notifying Roberson that he was "encouraged to utilize the inmate appeal system when [he felt] departmental or institutional staff ha[d] acted inappropriately or [he had] a complaint regarding other issues." The letter further advised that "[b]y writing to the Warden, or outside entities," Roberson would be "circumventing the inmate appeal process established by the California Code of Regulations . . . ." Roberson alleges that this response indicates Felker's "tacit approval" of the failure to follow the procedures set forth in the California Code of Regulations relating to inmate appeals.

After another unsuccessful appeal, on October 9, 2007, Roberson completed another CDC Form 602 regarding his lost property and broken television set. Roberson received no response regarding this appeal. Roberson also filed a civil complaint pursuant to 42 U.S.C. § 1983 in state court. This complaint, however, was returned by the state court, which wrote, "[t]his county court has no jurisdiction over the federal court please file your complaint with the correct court."

Based on the above events, Roberson filed the current pro se action in federal court pursuant to 42 U.S.C. § 1983, alleging a deprivation of federal due process. More specifically, Roberson alleges that he has been deprived of his right to process and submit CDC inmate appeals. As Roberson also alleges, the right to file a departmental appeal derives from a California regulation. See Cal. Code Regs. tit. 15, § 3084.1.

Pro se pleadings are to be liberally construed. Hains v. Kerner, 404 U.S. 519, 520-21 (1972). In ascertaining the claims raised in a complaint, the court should look at the facts alleged in the pleading as well as the laws or rights the plaintiff claims were violated. Alvarez v. Hill, 518 F.3d 1152, 1157 (9th Cir. 2008). Nonetheless, a pro se plaintiff must satisfy the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question. Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976).

**DISCUSSION**

Roberson's allegations that he has a right to file grievances and have them reviewed do not a state a claim upon which relief may be granted under 42 U.S.C. § 1983. The statute provides relief only for violations of federal law or of the United States Constitution. Any right to the grievance procedures is created by state law, not federal law. Allegations concerning the handling of his administrative grievances thus do not give rise to a claim for relief for violation of the Due Process Clause of the Fourteenth Amendment to the federal Constitution.

Under certain circumstances, a state may create liberty interests that are protected by the Due Process Clause. Sandin v. Conner, 515 U.S. 472, 483-84 (1995). "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

The Ninth Circuit has observed that the Due Process Clause creates no

"legitimate claim of entitlement to a grievance procedure." Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (citing Shango v. Jurich, 681 F.2d 1091, 1100 (7th Cir. 1982); Azeez v. DeRobertis, 568 F. Supp. 8, 11 (N.D. Ill. 1982)). The Fourth Circuit has cited Mann v. Adams for the proposition that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Prison grievance procedures confer only a procedural benefit, they do not confer any substantive right upon inmates. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. at 10); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure."). Accordingly, grievance procedures do not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment. Azeez v. DeRobertis, 568 F. Supp. at 10. Roberson's complaint does not state a claim upon which relief may be granted. Because no set of facts may be pled to cure this deficiency, the Court dismisses Roberson's complaint with prejudice. See Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005).

DISMISSED.

DATED: April 7, 2009

/s/ Mary M. Schroeder
MARY M. SCHROEDER,
United States Circuit Judge
Sitting by designation